# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **DARREL McTERRY,** | ] | |
| | ] | |
| Plaintiff, | ] | |
| | ] | |
| v. | ] | 2:19-cv-01402-ACA |
| | ] | |
| **UNITED STATES OF AMERICA,** | ] | |
| | ] | |
| Defendant. | ] | |

## MEMORANDUM OPINION

Before the court is Defendant United States' unopposed motion to dismiss or in the alternative for summary judgment (doc. 3), which the court construes as a motion for relief from the judgment, under Federal Rule of Civil Procedure 60(b)(4), and a motion to dismiss the complaint for lack of subject matter jurisdiction, under Federal Rule of Civil Procedure 12(b)(1). For the reasons set out below, the court **WILL GRANT** the Rule 60(b)(4) motion for relief from the judgment, **WILL GRANT** the Rule 12(b)(1) motion to dismiss the complaint, and **WILL DISMISS** this case **WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

On May 22, 2018, Plaintiff Darrel McTerry filed suit in the Small Claims Court of Jefferson County, Alabama, naming Dr. Nirmala Jetty, an employee of the Department of Veterans Affairs, and seeking $3,000 for "defamation and libel due to false official statement written in plaintiff's record." (Doc. 1 at 6, 8). In July

2019, after Dr. Jetty failed to appear in the case, the District Court of Jefferson County entered a default judgment against her in the amount of $1,000.[1] (*Id.* at 37). In August 2019, the government removed the case to federal court, moved to substitute itself for Dr. Jetty, and filed this motion to dismiss or in the alternative for summary judgment. (Docs. 1, 2, 3). Based on the Attorney General's certification that this action was brought against Dr. Jetty for actions she took within the scope of her office or employment, the court granted the motion to substitute. *See* 28 U.S.C. § 2679(d)(1); (Docs. 2, 4). The court also ordered briefing on the motion to dismiss, but Mr. McTerry has not filed a response. (Docs. 4, 5).

At this stage, the court must accept as true the factual allegations in the complaint and construe them in the light most favorable to the plaintiff. *Butler v. Sheriff of Palm Beach Cty.*, 685 F.3d 1261, 1265 (11th Cir. 2012). The entirety of Mr. McTerry's factual allegations are that Dr. Jetty engaged in defamation and libel by making a reckless and "false official statement . . . in plaintiff's record." (Doc. 1 at 6, 8).

---

[1] Despite the unusual procedural posture of the case, the fact that a judgment has already been entered against Dr. Jetty does not prevent this court from ruling on the government's current motion to dismiss for lack of subject matter jurisdiction. "Objections to subject-matter jurisdiction . . . may be raised at any time. Thus, a party, after losing at trial, may move to dismiss the case because the trial court lacked subject-matter jurisdiction." *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434–35 (2011); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

"When a case is removed the federal court takes it as though everything done in the state court had in fact been done in the federal court." *Savell v. S. Ry. Co.*, 93 F.2d 377, 379 (5th Cir. 1937).[2] Under Federal Rule of Civil Procedure 60(b)(4), "the court may relieve a party or its legal representative from a final judgment . . . [because] the judgment is void." A judgment is void "if the court that rendered it lacked jurisdiction of the subject matter." *Burke v. Smith*, 252 F.3d 1260, 1263 (11th Cir. 2001) (quotation marks omitted).

"It is well settled that the United States, as a sovereign entity, is immune from suit unless it consents to be sued." *Zelaya v. United States*, 781 F.3d 1315, 1321 (11th Cir. 2015). The Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346, waives sovereign immunity from state law tort claims, subject to certain exceptions. 28 U.S.C. § 1346(b)(1); *Zelaya v. United States*, 781 F.3d 1315, 1321–22 (11th Cir. 2015). One exception is "[a]ny claim arising out of . . . libel [or] slander." 28 U.S.C. § 2680(h). The Eleventh Circuit has held that "a cause of action which is distinct from one of those excepted under § 2680(h) will nevertheless be deemed to 'arise out of' an excepted cause of action when the underlying governmental conduct which constitutes an excepted cause of action is 'essential' to plaintiff's claim." *Metz v. United States*, 788 F.2d 1528, 1534 (11th Cir. 1986). Thus, Mr. McTerry's

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

claims for defamation and libel are excepted from the FTCA's waiver of sovereign immunity.

Because the United States has not consented to be sued for claims for defamation and libel, sovereign immunity protects the government from this lawsuit. Accordingly, the court that entered the default judgment lacked subject matter to do so, and this court must vacate the default judgment as void. *See* Fed. R. Civ. P. 60(b)(4). For the same reason, the court must dismiss the complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). The court **WILL GRANT** the Rule 60(b)(4) motion for relief from the default judgment, **WILL GRANT** the Rule 12(b)(1) motion to dismiss the complaint, and **WILL DISMISS** this case **WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

The court will enter a separate order consistent with this opinion.

**DONE** and **ORDERED** this October 30, 2019.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE